José Ruiz de Val, Plaintiff and Appellant, *v.* Lucía Morales de Riefkohl, Defendant and Appellee.

No. 5343. Argued March 5, 1931.—Decided March 30, 1932.

*C. Coll y Cuchí* for appellant. *E. H. F. Dottin* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This is a suit which is entitled "recovery of fees," but the first cause of action or the first count is distinctly one for an alleged breach of contract. The second count is truly one for the recovery of fees.

The first count recites that Lucía Morales, widow of Riefkohl, employed the plaintiff as her attorney principally because of a conflict that had arisen between the defendant and the heirs of her deceased husband, Luis Riefkohl. The plaintiff alleged that the defendant had in her possession forty thousand dollars proceeding from her husband, and the question for him to determine was whether she was entitled to retain that amount. The complaint alleged that the parties agreed expressly as follows:

"(1) Plaintiff Ruiz de Val to represent the defendant Mrs. Morales as her attorney and to give the necessary professional services for the purpose of revendicating in favor of his client the aforesaid sum of forty thousand dollars.

"(2) Defendant to pay Ruiz de Val for such services the sum of five thousand dollars.

"(3) Defendant to deliver to Ruiz de Val the aforesaid sum of five thousand dollars, it being understood that if her rights were acknowledged without having to be enforced Ruiz de Val might use from such sum any amount deemed by him necessary to effect a compromise, and the remainder to be applied to the payment of his fees.

"If on the contrary it were necessary to litigate, then such amount to be applied to pay for the services of the plaintiff."

The plaintiff alleged that he immediately began to study the case and tried to reach a compromise as aforesaid, but that he was prevented from doing so because the defendant discharged him and prevented him from proceeding in fulfillment of the contract made between himself and the defendant. The final averment was that by reason of the failure to fulfill the contract the plaintiff suffered damages in the sum of $5,000.

At the time of the filing of this complaint the plaintiff had in his possession the sum of $5,000 to which the copied para-

graphs aforesaid refer. So that it is evident that he was not suing for the recovery of the said $5,000, but for a different $5,000 which he had failed to obtain by reason of the alleged breach of the contract. We may repeat that this cause of action is distinctly one not for fees but for the alleged breach.

The matter in controversy was the amount of $40,000 or thereabouts which Mr. Riefkohl gave to Lucía Morales before his marriage. The plaintiff strongly maintained that it could not be considered as a *"capitulación matrimonial"* but whether it was so or not it was distinctly a donation made by Riefkohl to his proposed wife, as we see no reason why such a gift was not perfectly valid provided it was not within the legitimate portion that belonged to his forced heirs. We think that in every place where the common law of England or the Roman law prevails a man who is *sui juris* may give to his proposed wife or any other person while still unmarried an amount which was not prohibited by law. Therefore, the proposed compromise was utterly unnecessary and useless, and any practising attorney ought to have known it and so advised his client. For that advice perhaps he might have been entitled to a fee, but not in the sum of $5,000. If the suit was begun or distinctly threatened by the heirs of Riefkohl, the amount to be paid to the attorney might have been enhanced. We think that the appellee is right in maintaining that there was no real consideration for the alleged contract. Furthermore, we are inclined to agree with the court that the contract for fees made to perform a useless thing should be examined with care and not upheld unless the attorney clearly proves the necessity of such an agreement.

The court, however, examined the evidence and held that no contract existed, that the turning over of the $5,000 by Lucía Morales was to effect a compromise and not one in payment of services. Although a conflict existed between the statements of the plaintiff and those of the defendant and her brother the evidence justifies this conclusion. The court

specifically said that it had no reason to doubt the statement of these two witnesses.

The plaintiff turned over to the defendant a receipt where the matter expressed in the portion heretofore transcribed was set forth. On the turning over of this receipt which contained the statement about the payment of fees the plaintiff principally relied. This was a unilateral statement. Naturally, if a defendant accepts a receipt and does something in conformity with the terms of the receipt, this conduct would help a party in proving the existence of a contract. Where, however, the defendant and her witnesses deny the existence of such a contract the document by itself is valueless.

Likewise, as a matter of law, we hold that if a party is retained to effect a compromise, his discharge does not entitle him to obtain the amount mentioned in the agreement unless the matter is actually compromised. The person discharged might sue on a *quantum meruit*, but would rarely be entitled to the whole amount mentioned in the contract, especially in the absence of evidence of the consummation of the compromise or other matters in which a client may have been aided by the attorney. However, nowhere in his complaint does the plaintiff attempt to sue for services performed in this regard, but only for the breach of the contract.

The second cause of action is for the recovery of $10,000 in compensation of the alleged other services performed by the plaintiff. The court carefully considered the evidence and limited this recovery to $2,000. The expert evidence was conflicting as to the value of the services but we do not find that the court committed any error in estimating the amount. Some of these services were distinctly not professional, that is to say, were not necessarily the services of an attorney. For example, the advisability of renting a piece of property at Maunabo or to obtain the sale of 50 cwt. of coffee. Under all the circumstances the court had a right to consider that the services were worth less than any expert declared, or, in

other words, to determine what it considered as the reasonable value of such services. We find no error in the appreciation of the evidence in this regard.

The defendant filed a cross complaint to recover the sum of $5,000 turned over to the plaintiff. The court in its judgment stated that the $5,000 should be returned to the defendant. We agree with the court that as it was a mere deposit, and the compromise was never effected, the defendant was entitled to the return. The alleged error in this regard is not discussed in the brief of the appellant other than to say that the error had been discussed in discussing the other errors. We do not find that the discussion of the other errors covers the theory of the court.

Perhaps if his services had aided his client Mr. Ruiz de Val would have had a claim for his initial work, but on a *quantum meruit* we should doubt the value of the services. In any event this suit has not been filed for that purpose.

The judgment should be affirmed.